UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE ESTELLA JONES,

Petitioner,

v.

ISRAEL JACQUEZ,

Respondent.

Case No. C22-1031-BHS-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a federal habeas action brought under 28 U.S.C. § 2241. Petitioner Nicole Estella Jones is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. Petitioner, proceeding *pro se*, filed a proposed habeas petition in which he appears to challenge the lawfulness of his 2013 conviction in the United States District Court for the Eastern District of North Carolina. (Dkt. ## 4, 4-1, 4-2.) Petitioner additionally submitted a "Motion for Production of Records" with his habeas petition. (Dkt. # 5.) Petitioner's submissions have not been served on Respondent.

Following a careful review of Petitioner's habeas petition, the Court concludes the petition (dkt. # 4) should be DISMISSED for lack of jurisdiction. Consequently, the Court recommends Petitioner's "Motion for Production of Records" (dkt. # 5) be DENIED as moot.

## II. BACKGROUND

On June 14, 2013, Petitioner pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence while aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. *See U.S. v. Jones*, Case No. 5:13-cr-141-FL-1, dkt. # 23. Petitioner was sentenced on December 20, 2013, to a term of 108 months of confinement on count one and 84 months of confinement on count two, to be served consecutively for an aggregate custodial sentence of 192 months of confinement. *Id*., dkt. # 34.

On May 31, 2016, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his conviction under § 924(c) should be vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015). *See Jones*, Case No. 5:13-cr-141-FL-1, dkt. # 53; *see also Jones v. U.S.*, Case No. 5:16-cv-297-FL. The district court stayed Petitioner's § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). *See Jones*, Case No. 5:13-cr-141-FL-1, dkt. # 58.

On July 18, 2019, the district court lifted the stay and directed the parties to file supplemental briefing on Petitioner's § 2255 motion in light of the effect of *Simms* and *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Jones*, Case No. 5:13-cr-141-FL-1, dkt. ## 65-66. On August 29, 2019, the government conceded that Petitioner's § 2255 motion should be granted, that his § 924(c) conviction should be vacated, and that Petitioner should be

resentenced, and the district court granted Petitioner's motion the following day. *Id.*, dkt. ## 67-68.

However, on December 27, 2019, prior to Petitioner's resentencing, the government filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) in the § 2255 action, arguing that habeas relief was erroneously conceded and requesting that the district court reinstate Petitioner's original judgment of conviction. *See Jones*, Case No. 5:13-cr-141-FL-1, dkt. # 70. On January 10, 2020, the district court granted the government's motion, reinstated Petitioner's original conviction and sentence, and denied him a certificate of appealability. *Id.*, dkt. # 75; *see also Jones v. U.S.*, 2020 WL 206264 (E.D.N.C. Jan. 10, 2020). Specifically, the district court held that it should not have granted habeas relief because Hobbs Act robbery is a valid predicate crime of violence for purposes of § 924(c), which Petitioner had pleaded guilty to. *Jones*, 2020 WL 206264 at *3 (citations omitted).

Petitioner thereafter filed a notice of appeal to the Fourth Circuit on January 16, 2020. *See Jones*, Case No. 5:13-cr-141-FL-1, dkt. # 77. On October 20, 2021, the Fourth Circuit affirmed the district court's denial of a certificate of appealability in an unpublished opinion and dismissed Petitioner's appeal. *Id.*, dkt. # 89; *see also U.S. v. Jones*, 2021 WL 4892210, at *1 (4th Cir. Oct. 20, 2021). On November 8, 2021, Petitioner submitted a petition for rehearing and rehearing en banc to the Fourth Circuit, which has stayed the mandate on Petitioner's appeal pursuant to Fed. R. App. P. 41(b). *See Jones v. U.S.*, Case No. 20-6109 (4th Cir.), dkt. ## 22-23. To date, no further action has been undertaken on Petitioner's appeal.[1]

[1] However, the Court notes that on April 29, 2022, Petitioner filed a motion for compassionate release pursuant to the First Step Act in the Eastern District of North Carolina. *See U.S. v. Jones*, Case No. 5:13-cr-141-FL-1, dkt. # 97. Disposition of that motion also remains pending in the district court. *Id.*, dkt. ## 98, 103.

Petitioner now seeks relief from his Eastern District of North Carolina conviction under § 924(c) in this District in the instant § 2241 petition, and specifically asserts that he is invoking the "escape hatch" exception to § 2255, which would permit him to challenge his conviction under § 2241. (*See* dkt. # 4 at 2-3.) It appears Petitioner seeks to challenge his conviction on the grounds that: (1) he was convicted of a "nonexistent offense" under § 924(c); and (2) he was not competent to enter a plea due to suffered cognitive impairments. (*See id.* at 1-2.) Therefore, Petitioner claims that he is actually innocent of the crimes of which he was convicted, and as such, requests that he be released on time served. (*See id.* at 3.)

## III. DISCUSSION

All rules governing 28 U.S.C. § 2254 cases apply to habeas petitions brought pursuant to § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (finding district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to federal prisoner's § 2241 petition). To that end, Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus, which the Court must summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). In this case, it is clear from the face of the petition that Petitioner fails to satisfy the requirements for application of the "escape hatch" because he has not exhausted his § 2255 collateral review process.

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen* v. *Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution

or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In contrast, § 2241 provides an avenue for prisoners to "challenge the manner, location, or conditions of a sentence's execution," and such petitions must be brought in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

There is a narrow exception to the general rule that challenges to the legality of a sentence must be filed under § 2255, the "escape hatch," which permits a prisoner to proceed under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *See* 28 U.S.C. § 2255(e); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The Ninth Circuit has held that a § 2241 petition is permissible under the "escape hatch" when a petitioner: (1) makes a claim of actual innocence; and (2) demonstrates that he has not had an "unobstructed procedural shot" at presenting his claims. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

In the Ninth Circuit, "a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens*, 464 F.3d at 898. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (internal quotations omitted).

To demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available to him until after he exhausted his direct appeal and first § 2255 motion. *Harrison*, 519 F.3d at 960. In addition, the "escape hatch" may not be used simply because of potential delays in the collateral review process under

§ 2255. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (holding delay in considering § 2255 motion in pending appeal not sufficient to make § 2255 remedy "inadequate or ineffective").

Here, a review of Petitioner's § 2241 petition, the docket of his underlying criminal case in the Eastern District of North Carolina, and the record regarding his appeal in the Fourth Circuit, indicates to this Court that Petitioner is attempting to circumvent the pending review of his federal court conviction under § 2255 by seeking relief in this district under § 2241. Specifically, Petitioner is currently pursuing rehearing by the Fourth Circuit of its denial of a certificate of appealability regarding his § 2255 motion. *See Jones*, Case No. 20-6109 (4th Cir.), dkt. ## 22-23.

Petitioner therefore has not yet exhausted his collateral review process with regard to his § 2255 motion to demonstrate that he has not had an "unobstructed procedural shot" at presenting his claims. *See Harrison*, 519 F.3d at 960. Moreover, Petitioner fails to allege that he is factually innocent of the crime of which he was convicted, and instead, challenges the legal inadequacy of his § 924(c) conviction (*see* dkt. # 4 at 1-2), which does not fall within the narrow exception to § 2255. *See Bousley*, 523 U.S. at 623. Accordingly, the Court concludes that Petitioner fails to satisfy the requirements for application of the "escape hatch," because he has not exhausted his § 2255 collateral review process in his original habeas proceeding nor has he alleged that he is factually innocent of the challenged offense.

## IV. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 4) be DISMISSED because the Court lacks jurisdiction to consider it. The Court further

recommends that Petitioner's "Motion for Production of Records" (dkt. # 5) be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 16, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Benjamin H. Settle.

Dated this 26th day of August, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge