1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLE ESTELLA JONES,

Petitioner,

v.

ISRAEL JACQUEZ,

Respondent.

CASE NO. C22-1031 BHS

ORDER

13   This matter comes before the Court on United States Magistrate Judge Michelle L.

14   Peterson's Report and Recommendation ("R&R"), Dkt. 6, and Petitioner Nicole Estella

15   Jones's[1] Objections to the R&R, Dkt. 8.

16   Jones pled guilty on June 14, 2013, in the Eastern District of North Carolina to one

17   count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and

18   one count of brandishing a firearm during and in relation to a crime of violence while

19   aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2). Dkt. 6 at

20   2. He was sentenced to 192 months of confinement on December 20, 2013. *Id.*

21

22   _____
    [1] Some of the filings in this case refer to Jones as "she/her." Jones is a transgender man, and the
    Court uses his preferred pronouns, "he/him." Dkt. 4 at 2 n.1.

ORDER - 1

1    Jones filed a habeas petition pro se under 28 U.S.C. § 2241 in July 2022, arguing

2  that his § 924(c) conviction is both legally and factually inadequate. *See* Dkt. 1. Judge

3  Peterson determined that his claim was procedurally barred and therefore did not seek a

4  response from Defendant Israel Jacquez. *See* Dkt. 6. She recommends that the Court

5  dismiss Jones's petition. *Id.* Jones objects, though he does not advance much argument,

6  simply citing cases without explanation as to how they help his case. Dkt. 8.

7    The district judge must determine de novo any part of the magistrate judge's

8  disposition to which a party has properly objected. The district judge may accept, reject,

9  or modify the recommended disposition; receive further evidence; or return the matter to

10  the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

11    "Generally, motions to contest the legality of a sentence must be filed under

12  § 2255 in the sentencing court, while petitions that challenge the manner, location, or

13  conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial

14  court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Nevertheless, if a

15  federal prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of

16  his detention," the prisoner may challenge the legality of his sentence under § 2225's

17  "escape hatch," by filing a petition under § 2241. *Id.* at 864–65 (internal quotation marks

18  omitted); *see also* 28 U.S.C. § 2255(e). "[A] § 2241 petition is available under the

19  'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2)

20  has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v.*

21  *Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

22

1      The R&R concluded that Jones's petition failed on both elements: (1) Jones had

2   not yet exhausted his collateral review process; and (2) Jones failed to allege that he is

3   factually innocent of the crime of which he was convicted. Dkt. 6 at 6.

4      A prisoner demonstrates that he has not had an "unobstructed procedural shot" at

5   presenting his claim by showing that his claim "did not become available until after a

6   federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). The court

7   thus considers (1) "whether the legal basis for petitioner's claim did not arise until after

8   he had exhausted his direct appeal and first § 2255 motion;" and (2) "whether the law

9   changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* A

10   delay in the § 2255 review process is not a sufficient reason for a petitioner to assert a

11   § 2241 petition challenging his confinement. *See United States v. Pirro*, 104 F.3d 297,

12   299–300 (9th Cir. 1997) ("[A] delay in the resolution of a section 2255 motion does not

13   entitle a defendant to bypass section 2255 in favor of section 2241.").

14      The R&R concluded that Jones filed this petition to circumvent the pending

15   review of his § 2255 petition filed in the Eastern District of North Carolina. Dkt. 6 at 6.

16   At the time Judge Peterson issued the R&R, Jones had moved the Fourth Circuit to rehear

17   its denial of a certificate of appealability of his § 2255 motion. *Id.*; *see also United States*

18   *v. Jones*, No. 20-6109, Dkt. 22 (4th Cir. Nov. 8, 2021) (*Jones I*). The Fourth Circuit has

19   since denied that motion, *Jones I*, Dkt. 26, and Jones no longer has a pending § 2255

20   petition.[2] The circumstances have therefore changed since Judge Peterson issued her

21

22      [2] Jones does, however, have a pending compassionate release motion in the Eastern District of
North Carolina. *See Jones I*, Dkt. 97. Compassionate release is not an avenue to challenge conditions of

1    R&R, and it is no longer clear to the Court that Jones has failed to clear the "unobstructed

2    procedural shot" hurdle.

3         The R&R also concluded that Jones fails to allege that he is factually innocent of

4    the crime of which he was convicted. Dkt. 6 at 6. Rather, the R&R concluded that he

5    challenges the "legal inadequacy" of his conviction. *Id.*

6         The Court holds the pleadings of pro se plaintiffs to "less stringent standards than

7    those of licensed attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While Jones's

8    petition is not a model of clarity, the Court interprets his petition as advancing a few

9    separate arguments regarding his conviction. First, he argues that he was convicted of a

10   "nonexistent offense" because the term "use" under 18 U.S.C. § 924(c)(1) means "active

11   employment of the firearm" and he never possessed a firearm, his co-defendant did. Dkt.

12   4 at 1. Second, he argues that his guilty plea was involuntary because he is and was

13   mentally incompetent. *Id.* at 2. It is unclear whether Jones advances this argument as a

14   stand-alone claim or to overcome a waiver provision in his plea agreement. Third, he

15   argues that his § 924(c) conviction should be overturned under *United States v. Taylor*,

16   142 S.Ct. 2015 (2022), because he did not commit a "crime of violence" under the

17   categorical approach. Dkt. 4-2 at 2. Fourth, he argues that Hobbs Act Robbery is not a

18   crime of violence. *Id.* While the Court advances no opinion on the strength of Jones's

19   arguments, it seems he did intend to assert an actual innocence claim.

20

21   ───────────────────

        confinement and Jones does not do as much in his motion. Thus, that motion does not block Jones's
22   § 2241 petition.


ORDER - 4

1        Relevant to his potential innocence claim, his criminal complaint states that four

2   individuals entered the store to rob it and one was armed with a shotgun. *Jones I*, Dkt. 1

3   at 3. Jones's co-conspirator, Michael Pryor, admitted that he was the gunman. *Id.* at 4.

4   The complaint does not say that anyone else was armed or that anyone else "brandished"

5   a firearm. *See generally id.* Nevertheless, Jones's charging information states that he

6   "knowingly used a carried a firearm," that he "possessed the firearm," and that "said

7   firearm was brandished." *Jones I*, Dkt. 18 at 2–3. Jones has not provided his plea

8   agreement, so the Court is unable to determine the basis for his § 924(c) conviction.

9        In some cases, rather than dismissing a § 2255 habeas petition disguised as a

10  § 2241 petition, the custodial court has transferred the case to the sentencing court. *See,*

11  *e.g.*, *Harrison v. Ollison*, 519 F.3d 952, 957 (9th Cir. 2008) ("[T]he custodial court

12  determined [Petitioner's] petition to be a motion under § 2255. Because jurisdiction over

13  such a motion would lie only with the sentencing court, the custodial court transferred the

14  case to the sentencing court."). Other courts have found that avenue inappropriate where

15  the petition would be second or successive because the sentencing court also lacks

16  jurisdiction over the petition. *See, e.g.*, *Johnson v. Martinez*, 2020 WL 1287976, at *6 (D.

17  Ariz. Mar. 28, 2020). Other courts have transferred second or successive § 2255 motions

18  to the Circuit court in the circuit where the sentencing court court sits. *See Stephens v.*

19  *Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

20        The Court is unable to fully address all these issues without a response from

21  Jacquez. Accordingly, Jones's submissions shall be served on Jacquez. Jacquez shall

22  respond to Jones's petition and shall answer the following questions: (1) whether the fact

1   that Jones's appeal on his first § 2255 has ended now means he has been denied an

2   "unobstructed procedural shot"; (2) whether any of Jones's claims meet the standard for a

3   claim of "actual innocence"; (3) whether, if this Court concludes Jones's § 2241 petition

4   is a disguised § 2255 petition, it can and should transfer the petition to the Eastern

5   District of North Carolina rather than dismissing the case. Jacquez shall also procure and

6   file with the Court Jones's plea agreement.

7        The Court having considered the R&R, Jones's Objections, and the remaining

8   record, does hereby order as follows:

9        (1)    The Court **RESERVES RULING** on the R&R and Jones's Objections;

10        (2)    Jacquez shall file and serve an answer no later than December 23, 2022;

11        (3)    The Clerk shall **RENOTE** Jones's Objections, Dkt. 8, to the Court's

12             December 23, 2022 calendar; and

13        (4)    The Clerk is directed to send copies of this Order to Jones, Jacquez, and

14             Judge Peterson.

15   Dated this 5th day of December, 2022.

16

17

18                          BENJAMIN H. SETTLE
                         United States District Judge

19

20

21

22

ORDER - 6