UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLE ESTELLA JONES, <br><br> Petitioner, <br><br> v. <br><br> ISRAEL JACQUEZ, <br><br> Respondent. | CASE NO. C22-1031 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Magistrate Judge Michelle L. Peterson's Report and Recommendation ("R&R"), Dkt. 6, Petitioner Nicole Estella Jones's[1] objections to the R&R, Dkt. 8, and Jones's Motion to Appoint Counsel, Dkt. 16.

# I. BACKGROUND

On June 14, 2013, Jones pled guilty in the Eastern District of North Carolina to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence while aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2). Dkt. 6 at

---

[1] Some of the filings in this case refer to Jones as "she/her." Jones is a transgender man, and the Court uses his preferred pronouns, "he/him." Dkt. 4 at 2 n.1.

ORDER - 1

2. He was sentenced to 192 months of confinement on December 20, 2013, and is currently incarcerated at the Federal Detention Center in Seatac, Washington. *Id.*

Jones filed a pro se 28 U.S.C. § 2241 habeas petition in July 2022, arguing that his § 924(c) conviction is both legally and factually insufficient to support his convictions. *See* Dkt. 1. Judge Peterson recommended dismissing Jones's petition, concluding that his claim was procedurally barred because (1) Jones had not yet exhausted his collateral review process; and (2) Jones failed to allege that he is factually innocent of the crime of which he was convicted. Dkt. 6. Jones objects, although he does not advance much argument, simply citing cases without explanation as to how they help his case. Dkt. 8.

Part of the reason Judge Peterson concluded that Jones had failed to exhaust his collateral review process was because he had appealed the Eastern District of North Carolina's dismissal of the § 2255 petition he filed there,[2] and his appeal was still pending before the Fourth Circuit. *See United States v. Jones*, No. 20-6109, Dkt. 22 (4th Cir. Nov. 8, 2021) (*Jones Appeal*). Between the time Judge Peterson issued her R&R and this Court reviewed that R&R, the Fourth Circuit dismissed Jones's appeal. *Id.*, Dkts. 26–27.

This Court also disagreed with Judge Peterson's conclusion that Jones failed to assert an actual innocence claim. Dkt. 9 at 4–5. It therefore ordered Jacquez to respond to Jones's petition. *Id.* at 5–6. Jacquez argues the Court should dismiss Jones's petition for lack of jurisdiction, asserting that Jones's claims do not qualify for § 2255's "escape

---

[2] The extensive procedural history regarding that petition is detailed in the Government's response to Jones's objections. Dkt. 15.

ORDER - 2

hatch" because he could have raised them in his first § 2255 petition and because they are not actual innocence claims. Dkt. 15.

Jones also asks the Court to appoint counsel, arguing that he is unable to fully articulate his claims both because he has been held in a segregated housing unit and because he is experiencing mental difficulties potentially related to injections he has received in relation to his transition from female to male. Dkt. 16 at 1. He also advances some concern about his treatment by prison staff and asserts that he intends to file Eighth Amendment claims in relation to those concerns. *Id.* at 1–2.

## II.  DISCUSSION

### A.  Legal Standard

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Nevertheless, if a federal prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," the prisoner may challenge the legality of his sentence under § 2225's "escape hatch," by filing a petition under § 2241. *Id.* at 864–65 (internal quotation marks omitted); *see also* 28 U.S.C. § 2255(e). "[A] § 2241 petition is available under the

'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (cleaned up). A petitioner may also raise a claim of actual innocence by demonstrating that an intervening change in the law rendered him factually innocent of a predicate crime. *Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020).

A prisoner demonstrates that he has not had an "unobstructed procedural shot" at presenting his claim by showing that his claim "did not become available until after a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). The court thus considers (1) "whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion;" and (2) "whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* A delay in the § 2255 review process is not a sufficient reason for a petitioner to assert a § 2241 petition challenging his confinement. *See United States v. Pirro*, 104 F.3d 297, 299–300 (9th Cir. 1997) ("[A] delay in the resolution of a section 2255 motion does not entitle a defendant to bypass section 2255 in favor of section 2241.").

ORDER - 4

**B.     Jones's § 2241 Petition is Dismissed.**

The Court holds the pleadings of pro se plaintiffs to "less stringent standards than those of licensed attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court interprets Jones's petition as advancing a few separate arguments regarding his conviction, each of which is addressed below.

**1.     Jones's Claim that He Did Not "Use" the Firearm is Dismissed.**

Jones argues that he was convicted of a "nonexistent offense" because the term "use" under 18 U.S.C. § 924(c)(1) means "active employment of the firearm" and he never possessed a firearm, his co-defendant did. Dkt. 4 at 1. Jacquez argues that Jones could have raised this claim in his original § 2255 petition and thus that he has had an "unobstructed procedural shot" at raising it. Dkt. 15 at 9. He further argues that this is not a claim of actual innocence because he "pleaded guilty to aiding and abetting the use of a firearm in furtherance of a crime of violence," not that he actually used the firearm. *Id.* Jacquez argues that, at most, Jones's assertion that he never possessed or used a firearm could be interpreted as a claim of legal insufficiency but not one of factual innocence. *Id.*

The Court agrees that it lacks jurisdiction to adjudicate this claim because Jones did not demonstrate that he lacked an unobstructed procedural shot to raise the claim.

**2.     Jones's Competence Claim is Dismissed.**

Jones argues that his guilty plea was involuntary because he is and was mentally incompetent. Dkt. 4 at 2. Jacquez argues that Jones had an unobstructed procedural shot to raise this claim in his original § 2255 petition and failed to do so. Dkt. 15 at 10. He further argues that this is not a claim of actual innocence. *Id.*

The Court agrees with Jacquez that it lacks jurisdiction over this claim both because it is not a claim of actual innocence and because Jones did not demonstrate that he lacked an unobstructed procedural shot to raise this claim.

**3.     Jones's Claim Based on *United States v. Taylor* is Dismissed.**

Jones argues that his § 924(c) conviction should be overturned under *United States v. Taylor*, 142 S. Ct. 2015 (2022), because he did not commit a "crime of violence" under the categorical approach. Dkt. 4-2 at 2. Jacquez argues that *Taylor* does not apply to Jones's case because, as was determined in his § 2255 proceedings, Jones's § 924(c) conviction was predicated on substantive Hobbs Act robbery, not attempted Hobbs Act robbery or conspiracy to commit Hobbs Act robbery. Dkt. 15 at 11. He further argues that it does not amount to an actual innocence claim because he is not factually innocent of the predicate crime. *Id.* at 11–12.

The Court agrees that *Taylor* does not apply. As the Eastern District of North Carolina determined, Jones's § 924(c) conviction was based on the predicate offense of substantive Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. While the charging information is not a model of clarity on this point, the plea agreement does not cabin Jones's § 924(c) conviction to the offense charged in count 1. It simply states, "the firearm was possessed in furtherance of a crime of violence." Dkt. 15-1 at 5. Thus, *Taylor* is not a retroactive change in the law that renders Jones factually innocent of his § 924(c) conviction and it therefore cannot be the basis for a claim of actual innocence.

### 4. Jones's Claim that Hobbs Act Robbery is Not a Predicate Crime of Violence is Dismissed.

Jones argues that Hobbs Act robbery is not a predicate crime of violence under § 924(c). Dkt. 4-2 at 2. Jacquez argues that both the Fourth and Ninth Circuits have held that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A). Dkt. 15 at 12 (citing *United States v. Mathis*, 932 F.3d 242, 266 & n.24 (4th Cir. 2019); *United States v. Dominguez*, 48 F.4th 1040 (9th Cir. 2022)). Jacquez further argues that Jones could have raised, but did not raise, this argument in his first § 2255 petition.

The Court agrees with Jacquez that it lacks jurisdiction over this claim because Jones did not demonstrate that he lacked an unobstructed procedural shot to raise this claim. It further agrees that substantive Hobbs Act robbery is a crime of violence under § 924(c)(3)(A).

The R&R is therefore ADOPTED insofar as it recommends dismissing Jones's § 2241 petition because Jones did not lack an unobstructed procedural shot to raise his claims in his previous § 2255 petition.

### C. Jones's Motion to Appoint Counsel is Denied.

Jones asks the Court to appoint him counsel, arguing that he is struggling with some mental difficulties and that he is being held in segregated housing which makes it difficult to fully litigate his case. Dkt. 16. He also suggests that he intends to assert some Eighth Amendment claims in this case.

As an initial matter, it would be improper for Jones to assert Eighth Amendment claims in this case. Those claims would need to be asserted in a separate civil rights lawsuit under 42 U.S.C. § 1983. His desire to assert such claims in this case is not a reason to appoint him counsel.

District courts may appoint counsel for any "financially eligible person who . . . is seeking relief under section 2241" where "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2) (B). There is no constitutional right to appointment of counsel in habeas petitions. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

As demonstrated, the Court lacks jurisdiction over Jones's petition. His claims therefore cannot succeed on the merits and appointment of counsel is not warranted. Jones's motion to appoint counsel in this case, Dkt. 16, is DENIED.

**D.      The Court Denies Jones a Certificate of Appealability.**

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S., 483 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

  Jones has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, jurists of reason would not find it debatable whether Jones has stated a valid claim or whether the Court was correct in its procedural ruling. *See Slack*, 120 S. Ct. at 1604. The Court will therefore not grant Jones a Certificate of Appealability. The Court's denial of counsel in this case is not a comment on the merits of any Eighth Amendment claim Jones may assert in the future or his effort to be appointed counsel in such a case.

  The Court having, considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

  (1) The R&R is **ADOPTED**;

  (2) Petitioner Nicole Estella Jones's § 2241 Petition, Dkt. 4, is **DISMISSED without prejudice**;

  (3) Jones's Motion to Appoint Counsel, Dkt. 16, is **DENIED**;

  (4) A Certificate of Appealability is **DENIED**; and

  (5) The Clerk shall enter a JUDGMENT and close the case.

//

1    Dated this 18th day of May, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge